**United States District Court**
**District of Massachusetts**

```
                          )
Laurence Falk,            )
                          )
        Plaintiff,        )
                          )
        v.                )     Civil Action No.
                          )     22-10010-NMG
Wells Fargo Bank, N.A.,   )
                          )
        Defendant.        )
                          )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Laurence Falk ("Falk" or "plaintiff") owns
a condominium in Newton, Massachusetts that is encumbered by a
mortgage held by Wells Fargo Bank, N.A. ("Wells Fargo" or
"defendant").  As set forth in the complaint, Falk seeks to void
that mortgage based upon, inter alia, circumstances arising from
the COVID-19 pandemic.  Pending before the Court is defendant's
motion to dismiss for lack of standing and failure to state a
claim.

## I.   Background

Given the disjointed nature of Falk's complaint, the events
underlying the instant action are difficult to discern.  The
following, brief narrative is based upon the Court's best effort
to construe the complaint and the exhibits incorporated therein.

-1-

In November, 2007, Falk executed a mortgage to be held by Wells Fargo on a condominium property in Newton, Massachusetts. Falk's payments on the related loan have been disrupted over the past few years due to events allegedly arising from the COVID-19 pandemic.  Specifically, Falk reports that he has been unable to make the payments due because he could not work as a disc jockey due to federal, state and local law prohibiting the large social gatherings at which he was generally employed.  Falk contends that his mortgage is therefore void and, furthermore, Wells Fargo illegally raised the cost of his mortgage during the pandemic and failed to respond to various written requests he made.

In December, 2021, Falk brought suit in Massachusetts Superior Court for Middlesex County asserting, in his words, four causes of action against Wells Fargo: a claim for declaratory relief, breach of contract, bad faith breach of contract and violation of the "Massachusetts Deceptive Trade Practices Act", which the Court interprets as a reference to the Massachusetts Consumer Protection Act, M.G.L. c.93A.  Wells Fargo timely removed the action to this Court.

II. **Motion to Dismiss**

    **A. Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts put forth in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

To safeguard the rights of pro se litigants, courts should "construe liberally a pro se complaint". Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  That said, pro se plaintiffs are not insulated "from complying with procedural and substantive law." Id.  The leeway afforded to pro se plaintiffs shields them when a court "may intuit the correct cause of action, even if it was imperfectly pled" but it does not shield a litigant when the claim lacks the requisite factual support. Id.

### B. Application

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 556 U.S. at 677-78 (quotation omitted).  Plaintiff's rambling complaint fails to do so. Setting aside the legal conclusions contained therein, the narrative Falk presents is not actionable.  In essence, Falk concedes that he fell behind on his mortgage payments due to financial hardship arising from the COVID-19 pandemic and that his lender imposed certain fees because of that delinquency. Those facts, even in the context of Falk's impassioned complaint, simply do not set forth a plausible claim for relief or bases upon which this Court can reasonably infer liability.

Most of the complaint consists of vague and unsupported
allegations that:

> while not stating ultimate legal conclusions are
> nevertheless so threadbare or speculative that they
> fail to cross the line between the conclusory and the
> factual.

Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir.
2011) (quotation omitted).  As a result, Falk has not stated
claims that are facially plausible.

Examining each of the enumerated causes of action
individually yields the same conclusion.

The substance of the declaratory relief sought by Falk is
unclear.  The Court perceives that Falk seeks a declaratory
judgment quieting title to the mortgaged property.  A plaintiff
pursuing such an action in Massachusetts must show both a right
to possession and legal title to the property. See Bevilacqua v.
Rodriguez, 460 Mass. 762, 767 n.5 (2011).  However,

> when a person borrows money to purchase a home and
> gives the lender a mortgage, the homeowner-mortgagor
> retains only equitable title in the home; the legal
> title is held by the mortgagee.

U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 649 (2011); see
also Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D.
Mass. 2012), abrogated on other grounds by Culhane v. Aurora
Loan Servs. of Nebraska, 708 F.3d 282 (1st Cir. 2013).  Thus,

Falk has no standing to assert a claim for quiet title due to the outstanding mortgage.

The other bases upon which Falk seeks declaratory relief (i.e. force majeure, illegality, commercial impracticability, impossibility and frustration of purpose) are uniformly defenses to a breach of contract claim rather than affirmative causes of action. See generally Restatement (Second) of Contracts 11 Intro. Note (1981).  As such, Falk states no cause of action upon which to ground his claim for relief.

Falk's second cause of action for breach of contract cannot stand because the complaint does not articulate "the specific contractual promise the defendant failed to keep" with any degree of certainty. Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007); see Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 233 (1st Cir. 2013).  Plaintiff avers broadly that Wells Fargo attempted to extract illegal fees but the details of those fees and the basis of their illegality are missing from the complaint.  Moreover, the impropriety of any such fees is substantially undermined because the subject mortgage permits Wells Fargo to charge Falk fees in connection with default and Falk implicitly concedes that he is, at the very least, behind on his mortgage payments.

Falk's third cause of action is, in his words, for "bad faith breach of contract."  To the extent that this claim extends beyond his second cause of action, Falk seems to assert a claim for breach of the covenant of good faith and fair dealing, which is implied in every contract under Massachusetts law. See UNO Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004).  In assessing such a claim:

> [t]he essential inquiry is whether the challenged conduct conformed to the parties' reasonable understanding of performance obligations, as reflected in the overall spirit of the bargain, not whether the defendant abided by the letter of the contract in the course of performance.

Speakman v. Allmerica Fin. Life Ins., 367 F. Supp. 2d 122, 132 (D. Mass. 2005).  The covenant is thus broken when a party acts in a manner that "would deprive the other of the right to receive the benefits under the agreement." Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Sec., 450 F. Supp. 3d 20, 28 (D. Mass. 2020) (citation omitted).  Falk's allegations that Wells Fargo charged him for amounts that defendant knew were neither due nor owing are insufficient to state such a claim because they lack a factual basis.  Moreover, the claim cannot stand because there are no allegations identifying specific benefits that Wells Fargo did not provide under the contract. See Robert Reiser & Co. v. Scriven, 130 F. Supp. 3d 488, 496 (D. Mass. 2015).

Finally, Falk asserts that Wells Fargo violated the "Massachusetts Deceptive Practice Act."  While there is no statute by that name, the Court perceives an invocation of the Massachusetts Consumer Protection Act, M.G.L. c.93A.  Falk alleges that Wells Fargo engaged in "unfair and deceptive" practices prohibited under that statute by collecting overcharges on his mortgage and failing to respond to his written requests.  However, "[without] further factual detail demonstrating unfairness", which Falk does not supply, those claims cannot survive. Kozaryn v. Ocwen Loan Servicing, LLC, 784 F. Supp. 2d 100, 103 (D. Mass. 2011); see Zielinski v. Citizens Bank, N.A., 552 F. Supp. 3d 60, 72 (D. Mass. 2021) (dismissing 93A claim where mortgagor failed to respond to requests for relief and miscalculated payments owed).

Throughout his complaint, Falk also contends that Wells Fargo violated regulations recently adopted by the Consumer Financial Protection Bureau to help alleviate the hardships faced by borrowers because of the COVID-19 pandemic. See Real Estate Settlement Procedures, 12 C.F.R. § 1024 (2021).  While it is incumbent upon this Court to infer an appropriate cause of action on behalf of a pro se plaintiff where one can be perceived, Ahmed, 118 F.3d at 890, it is unavailing for such a plaintiff to invoke a federal regulation generally and leave the details for the Court to infer.  The broad factual allegations

-8-

in the complaint here supply no basis for a claim based upon any particular portion of those regulations.

In short, the allegations in the complaint are woefully deficient.  While Falk's circumstances are no doubt unfortunate, they fail to give rise to a claim for relief.

### ORDER

For the forgoing reasons, defendant's motion to dismiss for failure to state a claim (Docket No. 10) is **ALLOWED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 26, 2022